**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, JR., | : |
| Plaintiff, | : |
| v. | : Civil Act. No. 16-331-RGA |
| DR. HERNANDEZ, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of May, 2016;

IT IS ORDERED that the Clerk of Court is directed to **transfer** this action to the

United States District Court for the Western District of Tennessee, for the reasons that

follow:

Plaintiff William Davidson Hamby, Jr., an inmate at the West Tennessee State

Penitentiary in Henning, Tennessee, filed this lawsuit pursuant to 42 U.S.C. § 1983.

(D.I. 1.) He appears *pro se.* He did not pay the filing fee or seek leave to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915. The action is brought against four

defendants, all of whom are located in the State of Tennessee. (*See* D.I. 1 at 2).

Plaintiff is imprisoned in the State of Tennessee.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

is properly brought in: "(1) a judicial district in which any defendant resides, if all

defendants are residents of the State in which the district is located; (2) a judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred,

or a substantial part of property that is the subject of the action is situated; or (3) if there

is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction

with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or

the convenience of parties and witnesses, in the interest of justice, . . . to any other

district or division where it might have been brought." 28 U.S.C. § 1404(a). The court

may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See e.g.*,

*Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it does not appear that any of the events or omissions giving rise to

Plaintiff's claims occurred in Delaware.[1] The court considers the allegations in the

complaint and finds the interests of justice favor transferring the action to the United

States District Court for the Western District of Tennessee, where Plaintiff and the

Defendants are located and where, based upon the allegations, it appears that all of the

events took place.

For the above reasons, the Clerk of Court is directed to transfer this action the

United States District Court for the Western District of Tennessee.

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff recognizes as much, as he justifies the suit being filed in Delaware because of alleged "cronyism" between Tennessee federal courts and the Tennessee Department of Correction. Such an allegation does not create venue in Delaware.

2